ZAINEY, J.
MARCH 3, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BAYOU CONCESSION SCRAP, INC. | CIVIL ACTION |
| VERSUS | NO. 04-3305 |
| DELTA BLUES CASINO, L.L.C. | SECTION "A"(2) |

### ORDER AND REASONS

Before the Court is a **Motion for New Trial or Reconsideration (Rec. Doc. 45)** filed by plaintiff Bayou Concession Scrap, Inc. Defendant, Delta Blues Casino, L.L.C., opposes the motion. The motion, set for hearing on February 8, 2006, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is **DENIED**.

The Court's Order and Reasons (Rec. Doc. 42) explains the background of this case in detail. Thus, it will not be addressed again in this order. For purposes of this motion, it is sufficient to note that Bayou Concession moved for summary judgment, seeking a declaratory judgment that Delta Blues is in breach of the Buy-Sell Agreement, that all funds paid to date are "non-refundable" according to the contract, that there is no obligation under the breached agreements to transfer title to Delta Blues, and that Delta Blues is liable for damages, reasonable

attorneys' fees, and costs as provided by the Buy-Sell Agreement. (Pla. Motion for Summary Judgment ¶ 11, Rec. Doc. 16). The Court denied the motion on the grounds that Bayou Concession failed to address Delta Blues' counterclaims in its motion for summary judgment and supporting memoranda and thus did not meet its initial burden of showing "that there is an absence of evidence to support the non-moving party's cause." (Order and Reasons, p. 21, Rec. Doc. 42 (citing *Celotex Corp. v. Catrett*, 477 U.S. 325)).

The Court also found that summary judgment was inappropriate because there are material issues of fact as to whether actions on the part of representatives of Bayou Concession contributed to Delta Blues' inability to obtain financing and thus fulfill its contractual obligations under the Buy-Sell Agreement and its amendments. (Order and Reasons, p. 21, Rec. Doc. 42). The Court cited the affidavit of Charles Preiser, CEO of Delta Blues, in support of its denial of summary judgment.

Plaintiff's request for a new trial under Rule 59(a) is inappropriate because, as Defendant points out, there was no trial.[1] Further, Defendant's request for reconsideration is denied. Even not considering Preiser's affidavit, the Court finds that its denial of summary judgment was appropriate. Plaintiff could have addressed Defendant's counterclaims in its motion for summary judgment but chose not to do so. The Court will not now reconsider its ruling.

ACCORDINGLY,

**IT IS ORDERED** that Plaintiff's **Motion for New Trial or Reconsideration (Rec. Doc. 45)**, is **DENIED**.

---

[1] The 5th Circuit has held that a motion for reconsideration styled as a motion for a new trial following a summary judgment was correctly analyzed as a Rule 59(e) motion to reconsider entry of summary judgment. *Patin v. Allied Signal, Inc.*, 77 F.3d 782, 785 n. 1 (5th Cir. 1996).